UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WARREN FRANCOIS AND GLORIA FRANCOIS | * * * | CIVIL ACTION: 2:22-cv-2003 |
| VERSUS | * * | JUDGE: |
| UNITED PROPERTY AND CASUALTY INS. CO. | * * * * | SECTION: "  " MAGISTRATE: |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

Defendant, UNITED PROPERTY AND CASUALTY INSURANCE COMPANY (herein "UPC"), respectfully files this Notice of Removal pursuant to 28 U.S.C. §§1332 and 1441 and hereby removes this matter from state court to the docket of this Honorable Court. In support of this Notice of Removal, Defendant avers:

### I. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

1.

This Notice of Removal was filed within thirty (30) days after service of the initial pleadings upon Defendant herein of a copy of the initial pleadings setting forth the claim for relief upon which this action is based, and is therefore timely under 28 U.S.C. § 1446(b).

2.

The lawsuit was allegedly filed on May 10, 2022, according to the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson.[1] This Notice of Removal has been filed within 30 days of Plaintiff's service of their Petition for Damages in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

3.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which gives federal jurisdiction over claims that involve complete diversity of citizens of diverse states and at least $75,000 in controversy.

4.

The 24th Judicial District Court for the Parish of Jefferson, where Plaintiff allegedly filed the Petition for Damages, is located within the Eastern District of Louisiana. 28 U.S.C. § 98(a). Therefore, venue is proper pursuant to 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

5.

No previous application has been made for the relief requested herein.

6.

Pursuant to 28 U.S.C. § 1446(a), a copy of the state court pleadings is attached as Exhibit A.[2] Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for

---

[1] Exhibit A: Plaintiff's Petition for Damages.

[2] Exhibit A: Plaintiff's Petition for Damages.

the Plaintiff and a copy is being filed with the Clerk of Court in the Parish where plaintiff filed the Petition for Damages, 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

### A. THE PARTIES ARE CITIZENS OF DIFFERENT STATES

7.

Plaintiff and Defendants are citizens of different states as set out in §§1332(a) and (c).

8.

**Plaintiffs, Warren Francois and Gloria Francois,** according to their Petition for Damages, are domiciled in the Parish of Jefferson, State of Louisiana.

9.

**Defendant, UPC**, is foreign corporation that was organized in and currently has its principal place of business in the State of Florida. UPC is not a limited liability company. Further, UPC is not a partnership.

10.

UPC is the only defendant in this matter, and it **consents** in the removal of this matter to federal court.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00, EXCLUSIVE OF INTEREST AND COSTS

11.

Plaintiffs' attached Petition for Damages documents their damages as $101,052.59 in dwelling damages and $2,395.71 in damages to other structures.[3] Also, plaintiffs' Petition for Damages also makes claims for penalties and attorneys' fees pursuant to Louisiana law.

12.

The original Petition for Damages filed by Plaintiff herein did not plead, nor does Louisiana law allow Plaintiff to plead, a specific amount of money damages, because plaintiffs in Louisiana are not limited to recovery of damages requested in their pleadings.[4]

13.

While Defendant admits no liability for any element of damages, it is readily apparent from the Petition and Plaintiff's damage estimate that the amount in controversy herein exceeds $75,000.00.

14.

**WHEREFORE**, Defendant, United Property and Casualty Insurance, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Honorable Court's docket.

Dated: June 30, 2022

---

[3] Exhibit A: Plaintiff's Petition for Damages.

[4] Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000). See LA. CODE CIV. PROC. art. 893(A)(1) – (2) ("No specific monetary amount of damages shall be included in the allegations or prayer for relief . . . . By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate. . . . If a petition is filed in violation of this Article, the claim for a specific monetary amount of damages shall be stricken upon the motion of an opposing party and the court may award attorney's fees and costs against the party who filed the petition.").

Respectfully submitted:

**CERTIFICATE OF SERVICE**

/s/: James P. Nader

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY PURSUANT TO THE COURT'S ELECTRONIC CASE FILING (ECF SYSTEM) ON THIS 30th DAY OF JUNE, 2022.

JAMES P. NADER #14256
ERIK L. VOLLENWEIDER, #35364
LOBMAN, CARNAHAN, BATT, ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA 70130
TEL: (504) 586-9292 | FAX: (504) 586-1290
jpn@lcba-law.com | elv@lcba-law.com

/s/: James P. Nader